UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                  ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Robert Rosenthal | Pamela Allen<br>Nicole Daro |

**Proceedings:**  DEFENDANT'S MOTION TO DISMISS (Docket #11, filed July 26, 2013)

## I.  INTRODUCTION

Plaintiff Hospital of Barstow filed this action in this Court on June 13, 2013, against defendant California Nurses Association/National Nurses Organizing Committee. Plaintiff filed an amended complaint on July 2, 2013.  The complaint alleges the breach of an oral collective bargaining agreement.  Plaintiff seeks money damages, specific performance of the contract, and a declaratory judgment.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 26, 2013, and plaintiff filed an opposition on August 5, 2013.  Defendant filed a  reply on August 12, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff operates an acute care hospital in Barstow, California.  Compl. ¶ 5. Defendant is a labor organization with its principal place of business in Oakland, California.  Id. ¶ 6.  On June 29, 2012, the National Labor Relations Board ("NLRB") certified defendant as the exclusive collective bargaining representative of the registered nurses employed by plaintiff.  Id. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

Plaintiff alleges that it entered into an agreement ("the Agreement") in April 2012 that was to govern the parties' conduct during collective bargaining negotiations and defendant's organizing of the registered nurses employed by plaintiff. Id. ¶ 13. Plaintiff alleges that the agreement was intended to "facilitate professional and respectful collective bargaining negotiations between the [p]arties and to provide an expeditious and cost effective means to resolve disputes arising out of the Agreement." Id. On April 12, 2012, defendant began organizing the registered nurses employed by plaintiff "pursuant to the Agreement," and defendant "thereafter derived the full benefit of the Agreement in the course and conduct of such organizing." Id. ¶ 14.

Plaintiff alleges that the NLRB conducted a secret ballot election among the registered nurses employed by plaintiff on May 10, 2012, and that defendant was certified as the exclusive collective bargaining representative of those nurses. Id. ¶ 15. Plaintiff alleges that, on or about July 16, 2012, the parties "commenced collective bargaining negotiations toward an initial collective bargaining agreement" pursuant to the terms of the Agreement. Id. ¶ 16. Plaintiff alleges that the parties agreed in the Agreement to "submit any and all unresolved disputes relating to compliance with or construction of the Agreement – including disputes related to the conduct of any collective bargaining negotiations between the [p]arties arising out of organizing activity" by defendant to "final and binding arbitration." Id. ¶ 17. Plaintiff further alleges that the Agreement stated that the parties would "work together to resolve disagreements and disputes through direct discussion and arbitration, rather than through appeal to outside persons, agencies, organizations, or authorities." Id.

Plaintiff alleges that defendant breached the Agreement beginning in or around July 2012 by "failing and refusing to negotiate a collective bargaining agreement pursuant to the standards of bargaining defined by the Agreement for the conduct of collective bargaining negotiations between the parties," and by filing charges with the NLRB instead of submitting disputes to arbitration. Id. ¶ 18. Plaintiff alleges that it has complied with the agreement. Id. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

### III.   LEGAL STANDARD

#### A.   Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action.  The objection presented by this motion is that the court has no authority to hear and decide the case.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).  On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000, exclusive of interest and costs.  See id.

However, when the facts establishing subject matter jurisdiction are closely intertwined with the merits of an action, it is inappropriate for the Court to scrutinize those facts at the motion to dismiss stage.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)("[A] [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action"); see also Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 734 (9th Cir. 1979)("[W]hen a statute provides the basis for both the subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous.")

### B.     Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                 ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION[1]

Defendant advances several arguments in support of its motion to dismiss.  First, defendant argues that the Court lacks subject matter jurisdiction over plaintiff's claim because no contract exists between the parties, and the grant of jurisdiction contained in Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, hinges on the existence of a contract between "an employer and a labor organization representing employees in an industry affecting commerce."  Def. Mot. Dismiss 6 (citing

---

[1]The existence of a contract subject to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is the alleged basis for this Court's subject matter jurisdiction as well as the disputed merits issue in this case.  In order to avoid considering the merits of the case during the jurisdictional inquiry, the Court will first treat defendant's motion as a motion under Federal Rule of Civil Procedure 12(b)(6).  See Safe Air, 373 F.3d at 1039.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                         ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

29 U.S.C. § 185).  Second, defendant argues that plaintiff's complaint fails to state a claim because, according to defendant, the Agreement alleged in plaintiff's complaint is actually a proposed labor relations agreement that served as a basis for collective bargaining negotiations, but was never signed by the parties, and therefore never went into effect.  Id. at 6-11.

Third, defendant argues that plaintiff's allegations that it "breached the agreement by, among other acts and conduct, failing and refusing to negotiate a collective bargaining agreement pursuant to the standards of bargaining defined by the Agreement" is a conclusory allegation that does not satisfy the pleading standard under Federal Rule of Civil Procedure 8.  Id. at 13.  Finally, defendant argues that the alleged Agreement, even if it were binding, would not waive defendant's right to file unfair labor practice charges before the NLRB because the complaint does not allege that the Agreement contains a "clear and unmistakable" waiver of that right.  Id. at 14 (citing Metro. Edison Co. v. NLRB, 460 U.S. 693, 708 (1983)).

In response, plaintiff argues that the complaint contains sufficient allegations to support subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185, and that the complaint contains sufficient allegations of an oral collective bargaining agreement to comply with Federal Rule of Civil Procedure 8.  Pl. Opp. Mot. Dismiss 18-20.  Additionally, plaintiffs argue that oral collective bargaining agreements are, as a general rule, enforceable, and that the alleged oral collective bargaining agreement contains an arbitration provision that precludes defendant from filing unfair labor practice charges before the NLRB.[2]

**A.      Plaintiff's Allegation of Arbitration Provision**

The right to bring unfair labor practice charges before the NLRB is a statutory right.  See, e.g., Nash v. Fla. Indus. Comm'n, 389 U.S. 235, 238 (1967)(noting that it is

---

[2]Both parties make extensive reference to facts outside the pleadings in anticipation of the possibility that the Court will convert this motion into a motion for summary judgment.  The Court declines to do so, and therefore has not considered facts and arguments based on materials outside the pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | | Date | August 26, 2013 |
|---|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

unlawful for an employer to "seek to restrain an employee in the exercise of his right to file charges"). Contractual provisions that waive statutory rights must be "clear and unmistakable." Metro. Edison, 460 U.S. at 708; accord Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 79-80 (1998); Local Joint Exec. Bd. v. NLRB, 540 F.3d 1072, 1075 (9th Cir. 2008). In Wright, the Supreme Court held that a "general" arbitration clause in a collective bargaining agreement, which provided for arbitration of "[m]atters under dispute," 525 U.S. at 80, was not sufficiently explicit to waive a union member's right to file a claim under the Americans with Disabilities Act in a federal district court, id. at 75.[3] The Court explained that the "right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a [collective bargaining agreement]." Id. at 80.

Plaintiff alleges that the parties agreed to submit all disputes "relating to compliance with or construction of the agreement – including disputes related to the conduct of any collective bargaining negotiations which might ensue between the [p]arties . . . to final and binding arbitration," and that the parties would "work together to resolve disagreements and disputes through direct discussion and arbitration, rather than through appeal to outside persons, agencies, organizations, or authorities." Compl. ¶ 17. That allegation does not rise to the level of a "clear and unmistakable" waiver of

---

[3]The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., requires that all agreements to arbitrate be in writing. Id. § 2 (referring to "written" contractual provisions); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)("The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid . . . .'"). However, the FAA does not apply to arbitration within the ambit of the LMRA. Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812, 242 F.3d 52, 55 (2d Cir. 2001); Miller Brewing Co. v. Brewery Workers Local Union No. 9, 739 F.2d 1159, 1162 (7th Cir. 1984), superseded by statute on other grounds. Moreover, the LMRA does not preclude enforcement of oral collective bargaining agreements. E.g., Certified Corp. v. Haw. Teamsters and Allied Workers, Local 996, 597 F.2d 1269, 1272 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

defendant's statutory right to bring unfair labor practice charges before the NLRB.[4]  See Metro. Edison, 460 U.S. at 708.  Rather, it is more akin to the vague arbitration clause in Wright, 525 U.S. at 80.  Therefore, plaintiffs have not alleged the existence of a valid waiver of defendant's right to bring charges before the NLRB.  The Court accordingly concludes that plaintiff's allegation that defendant breached that agreement by bringing such charges does not state a claim on which relief can be granted.

### B.    Plaintiff's Allegation of Other Contractual Provisions

In addition to the alleged arbitration provision, plaintiff alleges that the parties agreed to "certain rules of conduct to govern the [p]arties," and that the agreement was "intended to facilitate professional and respectful collective bargaining negotiations between the [p]arties."  Compl. ¶ 13.  However, the complaint neither alleges any specific terms of the contract (aside from the arbitration provision discussed above), nor does it indicate the manner in which defendant breached the alleged agreement.  These allegations are insufficient to provide defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

## V.    CONCLUSION

Based on the foregoing, the Court hereby GRANTS defendant's motion to dismiss without prejudice.  Plaintiffs shall have leave to file an amended complaint no later than **September 26, 2013**, to correct the deficiencies identified herein.  Failure to do so may

---

[4]Furthermore, the fact that plaintiff alleges that the agreement to arbitrate was an oral agreement weighs against finding an explicit waiver.  An oral agreement to arbitrate disputes is unlikely to be found to contain the level of specificity required to waive the right to resort to a federal judicial forum.  See Iqbal, 556 U.S. at 665 (noting that the reviewing court must "draw on its experience and common sense" when deciding a motion to dismiss).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1063 (CAS) (DTBx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

result in dismissal of this action with prejudice.  The Court DENIES as moot defendant's request for judicial notice.

　　　IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |