UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                     JS-6

| Case No. | EDCV 13-1063 CAS (DTBx) | | Date | November 18, 2013 |
|---|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Robert Rosenthal | Nicole Daro |

**Proceedings:**   DEFENDANT'S MOTION TO DISMISS (Dkt. #20, filed October 17, 2013)

## I.     INTRODUCTION

Plaintiff Hospital of Barstow filed this action on June 13, 2013, against defendant California Nurses Association/National Nurses Organizing Committee.  Plaintiff filed a first amended complaint ("FAC") on July 2, 2013.  Defendant filed a motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 26, 2013.  By order dated August 26, 2013, the Court granted defendant's motion to dismiss. Dkt. #16.  Plaintiff filed a second amended complaint ("SAC") on September 26, 2013, seeking damages, specific performance, and declaratory relief under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), arising from an alleged breach of an oral collective bargaining agreement.  Dkt. #19.

Defendant filed a motion to dismiss the SAC on October 17, 2013.  Dkt. #20. Plaintiff filed an opposition on October 28, 2013.  Dkt. #22.  Defendant filed a reply on November 4, 2013.  Dkt. #23.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff operates an acute care hospital in Barstow, California.  SAC ¶ 5. Defendant is a labor organization with its principal place of business in Oakland, California.  Id. ¶ 6.  On June 29, 2012, the National Labor Relations Board ("NLRB")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | **JS-6** |
|---|---|---|---|
| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

certified defendant as the exclusive collective bargaining representative of the registered nurses employed by plaintiff.  Id. ¶ 7.

Plaintiff alleges that Don Carmody, a representative of plaintiff, met with two representatives of defendant on or about March 13, 2012.  Id. ¶ 13.  During the meeting, plaintiff alleges that the parties entered into a "proposed labor relations agreement" in which the parties agreed to submit all disputes about compliance with the agreement to binding arbitration.  Id. ¶ 15.  According to plaintiff, the proposed agreement also contained terms governing defendant's organizing activities with respect to the registered nurses employed by defendant.  Id. ¶¶ 18-20.  Plaintiff alleges that, on or about April 12, 2012, the parties communicated regarding defendant's service on plaintiff of a notice of intent to organize.  Id. ¶¶ 21-23.  Plaintiff alleges that these communications included a telephone conversation between Don Carmody and Jane Lawhon, one of defendant's attorneys.  Id. ¶ 24.  Plaintiff alleges that, during that telephone conversation, the parties discussed the fact that the proposed labor relations agreement had not yet been executed.  Id.

During the same April 12, 2012 telephone conversation, plaintiff alleges that Carmody proposed to Lawhon that the parties orally agree to the terms contained in the most recent draft of the proposed labor relations agreement with regard to four items.  Id. ¶ 25.  Those items were: (1) defendant's service of a notice of intent to organize, (2) defendant's organizing activity at Barstow, (3) the filing of an election petition with the NLRB, and (4) the negotiation of an initial collective bargaining agreement between plaintiff and defendant, "including the standard of the conduct of bargaining between the [p]arties, as specified on page 5, Section 4(a)(2) of the [p]roposed [labor relations agreement]."  Id.  Plaintiff alleges that Section 4(a)(2) of the proposed labor relations agreement provides that:

> [Defendant, plaintiff, and their affiliates] commit to a productive and respectful bargaining process around the negotiation of collective bargaining agreements. All parties in the negotiation agree to bargain in good faith with the objective of reaching a collective bargaining agreement in an expeditious manner.  The parties will hold regular bargaining sessions with decision-makers in attendance, or immediately accessible, at the appropriate time, will conduct themselves professionally, and will make good-faith proposals to the other side.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                              **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

> If either party perceives that the other party is not conducting itself in a manner consistent with the above commitments, or if the parties reach an impasse in the negotiations, either side may request that national representatives from [plaintiff's or defendant's respective organizations] intervene in the process to attempt to resolve the dispute. When such a request is made, the national representatives . . . will convene promptly, together with both parties' local representatives, with the intent of resolving the dispute and moving the bargaining process forward in a constructive manner.

Id. ¶ 39. Plaintiff alleges that Lawhon agreed to Carmody's proposal. Id. In the next two paragraphs of the SAC, plaintiff further alleges that:

> Pursuant to the terms and conditions of the [o]ral [collective bargaining agreement] . . . [defendant] . . . agreed that the negotiations would be governed not by any outside law, including but not limited to the National Labor Relations Act, but rather, a private standard developed by the [p]arties, and a private arbitrator would hold the exclusive jurisdiction to decide whether [defendant] or [plaintiff] had violated the agreed-upon standard.

> Pursuant to the terms and conditions of the [o]ral [collective bargaining agreement], with respect to any dispute that might arise in the context of the [p]arties negotiation of a collective bargaining agreement, [the parties] waived their rights to resolve the dispute by filing an unfair labor practice charge with, or otherwise seeking the involvement of, the NLRB . . . .

Id. ¶¶ 26-27.

Plaintiff then alleges a course of conduct by defendant that, according to plaintiff, served to ratify the oral collective bargaining agreement. Id. ¶¶ 31-32. In this regard, plaintiff alleges that the parties conducted a joint training session and participated in telephonic arbitration proceedings regarding disputes that arose as to the terms and conditions of the oral collective bargaining agreement. Id. ¶ 32. Plaintiff further alleges that, from April 12, 2012, until September 26, 2012, defendant sought to resolve all disputes with defendant exclusively through dispute resolution procedures set forth in the oral collective bargaining agreement. Id. ¶ 33. According to plaintiff, these disputes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                   **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

included disputes that would "otherwise be the basis for an unfair labor practice charge filed with the NLRB." Id.  Plaintiff alleges that such an arbitration proceeding occurred in May 2012, before arbitrator Ralph Berger, and that defendant took the position during the proceeding that, under the oral collective bargaining agreement, neither party had the right to pursue objections before the NLRB, "as the [p]arties agreed to vest the arbitrator with exclusive jurisdiction over disputes that might arise from the election." Id. ¶ 35.

Plaintiff further alleges that the parties conducted collective bargaining negotiations on July 26, 2012, pursuant to the terms of the oral collective bargaining agreement. Id. ¶ 36.  During these negotiations, plaintiff alleges that Stephen Matthews, a representative of defendant, accused Don Carmody of "bad faith bargaining." Id. ¶ 38. According to plaintiff, Matthews substantiated his accusation by quoting the bargaining standard set forth in Section 4(a)(2) on page of the proposed labor relations agreement, "as incorporated into the [o]ral [collective bargaining agreement]." Id. ¶ 39.  Plaintiff alleges that Carmody responded that Matthews could take the dispute to binding arbitration in accordance with the oral collective bargaining agreement.  Id. ¶ 42. Plaintiff alleges that Matthews did not disagree that arbitration was the parties' agreed-upon forum for resolution of disputes related to the parties' collective bargaining negotiations.  Id.

Finally, plaintiff alleges that, commencing in or around July 2012, defendant breached the oral collective bargaining agreement by refusing to negotiate pursuant to the standards defined by the oral collective bargaining agreement, failing to submit to arbitration, and by instead filing unfair labor practice charges with the NLRB.  Id. ¶ 44. Plaintiff alleges that defendant refused to withdraw the unfair labor practice charge in response to a demand by plaintiff.  Id. ¶ 45.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | | Date | November 18, 2013 |
| --- | --- | --- | --- | --- |
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

### A.    Plaintiff's Allegations Regarding an Arbitration Provision

Section 301 of the Labor-Management Relations Act ("LMRA") confers jurisdiction on the federal courts to enforce collective bargaining agreements and other agreements between employers and employee representatives.  29 U.S.C. § 185.  This jurisdiction includes the enforcement of agreements requiring resolution of disputes through arbitration.  E.g., Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 455 (1957); Gen. Teamsters Union Local No. 174 v. Trick & Murray, Inc., 828 F.2d 1418 1420 (9th Cir. 1987); 12 Employment Coordinator, Labor Relations § 53:178.[1]

---

[1] The collective bargaining agreement alleged to exist in this case is an oral agreement.  Oral agreements are permissible under the LMRA.  Certified Corp. v. Haw. Teamsters and Allied Workers, 597 F.2d 1269, 1272 (9th Cir. 1979) (noting that "a collective bargaining agreement need not be in writing in order to be enforceable").  Since a federal district court's jurisdiction to enforce arbitration provisions comes from the LMRA, see 12 Employment Coordinator, Labor Relations § 53:178, it appears that oral agreements to arbitrate are enforceable.  However, the Court has been unable to locate any cases directly discussing the enforcement of an oral agreement to arbitrate.  Moreover, the LMRA's apparent allowance for oral agreements to arbitrate is at odds with the Federal Arbitration Act's ("FAA")  requirement that such agreements be in writing.  See 9 U.S.C. § 2.  In spite of the implausibility of an oral agreement to arbitrate, this action is controlled by the LMRA, and not the FAA, and the Court will therefore proceed on the assumption that oral agreements to arbitrate are potentially enforceable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

Plaintiff alleges that it entered into an oral collective bargaining agreement with defendant on or about April 12, 2012.  SAC ¶ 25.  Plaintiff alleges that defendant breached that agreement by filing unfair labor practice charges with the National Labor Relations Board ("NLRB" or "Board") instead of submitting the dispute to arbitration.  E.g., SAC ¶¶ 44, 54, 62.  The Court has found no caselaw supporting the proposition that the parties may enter into an oral collective bargaining agreement, as distinguished from amending or extending same by oral agreement.  The Court believes that plaintiff's allegations may fail for that reason.  Nonetheless, the Court finds that plaintiff has failed to state a claim for breach of the alleged oral agreement on other grounds.  The Court concludes that (1) the SAC fails to allege that the parties agreed to submit their disputes to arbitration or that defendant waived its right to file unfair labor practice charges before the Board, and (2) even if the SAC contained allegations of a waiver of defendant's right to file unfair labor practice charges, such a waiver is unenforceable.

1.      Contents of the Alleged Oral Agreement

Plaintiff alleges that the parties entered into the alleged oral collective bargaining agreement during a telephone conversation between Don Carmody, and Jane Lawhon that occurred on or around April 12, 2012.  Id. ¶ 25.  Don Carmody is alleged to be a representative of plaintiff, and Jane Lawhon is alleged to be one of defendant's attorneys.  Id. ¶¶ 13, 24.  According to plaintiff, Lawhon and Carmody orally agreed to abide by four provisions of a draft labor relations agreement.  Id. ¶ 25.  As stated above, those four provisions pertain to (1) defendant's service of a notice of intent to organize, (2) defendant's organizing activity at Barstow, (3) the filing of an election petition with the NLRB, and (4) the negotiation of an initial collective bargaining agreement between plaintiff and defendant, "including the standard of the conduct of bargaining between the [p]arties, as specified on page 5, Section 4(a)(2) of the [p]roposed [labor relations agreement]."  Id.

---

under the LMRA.  See Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union, 242 F.3d 52, 54-55 (2d Cir. 2001) (holding that the LMRA, and not the FAA, applies in suits to enforce arbitration provisions in collective bargaining agreements).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**          **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | | Date | November 18, 2013 |
|---|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

        Defendant argues that plaintiff has failed to state a claim for breach of the alleged oral collective bargaining agreement because the alleged agreement makes no mention of arbitration or a waiver of a right to file unfair labor practice charges.  Mot. Dismiss 3-5; Reply Mot. Dismiss 4-5.  The Court agrees.  None of the four provisions alleged by plaintiff to form the basis of the oral agreement refers to arbitration or unfair labor practice charges.  Rather, they refer to rules governing preliminary organizing activity by defendant, and general standards of good-faith bargaining.  See SAC ¶¶ 25, 39.  Since plaintiff fails to allege that the oral agreement contained provisions governing arbitration or unfair labor practice charges, plaintiff cannot state a claim for breach of contract on that basis.  See 23 Williston on Contracts § 63:1 (4th ed.) ("[A] breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of a contract.").

        Plaintiff resists this conclusion on two grounds, neither of which is availing.  First, plaintiff argues that the allegations in paragraphs 15, 26, and 27 of the SAC contain factual allegations demonstrating that defendant agreed to submit all disputes to binding arbitration.  Opp. Mot. Dismiss 2-4.  The Court is unpersuaded by this argument.  The allegation in paragraph 15 of the SAC states that representatives of the parties entered into a "proposed labor relations agreement ("Proposed LRA") . . . whereby the [p]arties agreed . . . to submit any unresolved disputes . . . to final and binding arbitration."  SAC ¶ 15.  This allegation does not support plaintiff's contention, however, because plaintiff later alleges that this "Proposed LRA" had not yet been executed, and that the parties "were still in the process of exchanging comments" about it.  Id. ¶ 24.  Reading paragraphs 15 and 24 together, it appears that plaintiff's allegations regarding the "Proposed LRA" are unrelated to plaintiff's allegations of an oral collective bargaining agreement.

        Similarly, the allegations in paragraphs 26 and 27 of the SAC do not support plaintiff's contention because they are conclusory.  See, e.g., Moss, 572 F.3d at 969.  These paragraphs allege that, "pursuant to the Oral CBA," the parties agreed to submit to binding arbitration and refrain from filing unfair labor practice charges with the Board.  SAC ¶¶ 26, 27.  However, plaintiff alleges in the previous paragraph that the oral collective bargaining agreement contained four provisions.  Id. ¶ 25.  As stated above, none of those four provisions refers to unfair labor practice charges or arbitration.  Accordingly, the Court finds that plaintiff's allegations in paragraphs 26 and 27 are legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|

| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE |
|---|---|

conclusions that are "unsupported by factual allegations," Ashcroft, 556 U.S. at 129, and do not support plaintiff's contentions regarding the contents of the alleged oral agreement.

Second, plaintiff argues that the parties ratified by their conduct the alleged oral agreement provisions regarding unfair labor practice charges and arbitration. Opp. Mot. Dismiss 4-5, 11-13. In this regard, plaintiff argues that defendant's willingness to submit certain disputes to arbitration, including certain disputes that might otherwise serve as a basis for an unfair labor practice charge, served to ratify the oral agreement to arbitrate all disputes. Id. (citing SAC ¶¶ 32-35, 42). The Court disagrees. The allegations that the parties submitted certain disputes to arbitration are not sufficient to support plaintiff's contention that plaintiff waived its right ever to bring unfair labor practice charges before the NLRB. See NLRB v. United Technologies Corp., 884 F.2d 1569, 1575 (2d Cir. 1989) ("Bargaining history and past practices – if taken alone – may establish waiver of a mandatory bargaining subject when the matter was thoroughly aired in past negotiations and the union 'consciously yielded' its rights in the matter."). An allegation that defendant submitted to arbitration on several occasions does not support a conclusion that the matter was "thoroughly aired." See id.[2]

2.       Waiver of Right to File Unfair Labor Practice Charges

Section 8 of the National Labor Relations Act ("NLRA") prohibits unfair labor practices by employers and labor organizations. 29 U.S.C. § 158(a), (b). Unfair labor practices by employers include refusing to bargain collectively with employee representatives, discriminating in hiring on the grounds of membership in a labor organization, and other practices. Id. § 158(a). The NLRB has the power to prevent any person from engaging in any unfair labor practice listed in Section 8 of the NLRA. 29 U.S.C. § 160(a).

---

[2]   Additionally, the cases relied on by plaintiff pertain to a union's waiver of the right to bargain over "a particular term or condition of employment," and not an agreement to arbitrate or a waiver of the right to file unfair labor practice charges. NLRB v. United Technologies Corp., 884 F.2d 1569, 1575 (2d Cir. 1989); see also Local Joint Exec. Bd. v. NLRB, 540 F.3d 1072, 1079 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | | Date | November 18, 2013 |
|---|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

The NLRA provides that the NLRB's power to prevent unfair labor practices "shall not be affected by any . . . means of adjustment or prevention that has been or may be established by agreement, law, or otherwise." Id.; see also Nat'l Licorice Co. v. NLRB, 309 U.S. 350, 364 (1940) ("The Board asserts a public right vested in it as a public body, charged in the public interest with the duty of preventing unfair labor practices."); NLRB v. Walt Disney Productions, 146 F.2d 44, 48 (9th Cir. 1944) ("Clearly, agreements between private parties cannot restrict the jurisdiction of the Board."). Accordingly, the right to seek relief from the NLRB against unfair labor practices "cannot be foreclosed by private contract." Lodge 743, Int'l Ass'n of Machinists v. United Aircraft Corp., 337 F.2d 5, 8 (2d Cir. 1964) (citing J.I. Case Co. v. NLRB, 321 U.S. 332, 336-39 (1944) and other cases). The NLRA "would be reduced to a futility" if private contracts were allowed to conflict with the functions of the Board. Hotel Holiday Inn de Isla Verde v. NLRB, 723 F.2d 169, 173 (1st Cir. 1983); accord Hammontree v. NLRB, 925 F.2d 1486 (D.C. Cir. 1991) ("[A] more plausible reading of [29 U.S.C. § 160(a)] is that no one other than the Board shall diminish the Board's authority over [unfair labor practice] claims.").

These principles are illustrated in the Second Circuit case United Aircraft, 337 F.2d at 8. There, the plaintiff-appellee union entered into an agreement with the defendant-appellant United Aircraft Corporation in settlement of a labor strike. Id. at 6. The settlement agreement brought an end to a strike by the union at four of United Aircraft's plants. Id. In addition to the settlement agreement, the parties also entered into a written arbitration submission agreement, in which the parties agreed to resolve, through binding arbitration, allegations of strike-related misconduct against a group of employees at the plants. Id. at 6-7. The arbitration occurred shortly thereafter. Id. at 7. The union then filed unfair labor practice charges against United Aircraft before the NLRB, alleging, among other things, that United Aircraft was discriminating against the group of employees governed by the arbitration submission agreement. Id. at 7. The union also filed an action under Section 301 of the Labor-Management Relations Act, alleging that United Aircraft was in violation of the settlement agreement. Id. United Aircraft then filed a counterclaim against the union, alleging that the union violated the arbitration submission agreement by filing the unfair labor practice charges. Id. United Aircraft cited a provision of the arbitration submission agreement that "sanctioned a final determination of the rights of the . . . employees 'without recourse . . . to any appeal or review under any State or federal laws.'" Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | | Date | November 18, 2013 |
|---|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | | |

The district court granted the union's motion to dismiss the counterclaim, and the Second Circuit affirmed. Id. at 7-8. The court explained that the "standard rule in cases such as this, enunciated in numerous decisions of the Supreme Court, this court, and the courts of other circuits, is that the right to resort to the Board for relief against unfair labor practices cannot be foreclosed by private contract." Id. at 8 (citations omitted). In reaching this conclusion, the court relied on the broad language of the NLRA, cited above, that the power of the Board "shall not be affected by any . . . means of . . . prevention that has been or may be established by agreement . . . or otherwise." Id. (quoting 29 U.S.C. § 160(a)).

Even if plaintiff had alleged facts establishing a waiver of defendant's right to file unfair labor practice charges before the NLRB, the Court finds that plaintiff has failed to state a claim for breach of the alleged oral collective bargaining agreement for the reasons stated in United Aircraft. See 337 F.2d at 8. As discussed above, the crux of the SAC is that defendant breached the alleged oral collective bargaining agreement between the parties by filing unfair labor practice charges with the NLRB, rather than submitting the disputes to arbitration. See SAC ¶¶ 43-44. Since the right to file such charges with the Board "cannot be foreclosed by private contract," plaintiff's claims for breach of the alleged collective bargaining agreement fail. See United Aircraft, 337 F.2d at 8.

In its opposition, plaintiff also argues that defendant further breached the oral agreement by filing unfair labor practice charges, that defendant breached the oral agreement by refusing to submit the disputes to arbitration. Opp. Mot. Dismiss 20. Plaintiff argues that the Court should therefore still order the parties to binding arbitration based on this alleged breach, even in the event that the Court believes that defendant had the right to file the charges with the NLRB. Id.

The Court is unpersuaded by this argument. The SAC's allegations that defendant failed to submit disputes to arbitration are inextricably intertwined with the allegations that defendant breached the oral agreement by filing unfair labor practice charges with the NLRB. See SAC ¶ 44 (alleging that defendant breached the oral collective bargaining agreement by "filing unfair labor practice charges . . . rather than submitting the unresolved disputes which are the subject of such unfair labor practice charges to . . . arbitration, as required by the [agreement]"); id. ¶ 43 (alleging that one of defendant's representatives "ultimately filed unfair labor practice charges with the NLRB, instead of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                          **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

abiding by the terms of the [oral agreement] and submitting the dispute . . . to arbitration"). Accordingly, any finding by this Court that defendant breached the alleged agreement would ultimately stem from defendant's filing of unfair labor practice charges, and would be at odds with United Aircraft's reasoning that the right to bring such charges before the NLRB "cannot be foreclosed by private contract." 337 F.2d at 8.[3]

Moreover, even if this Court could theoretically enforce a contractual provision depriving the NLRB of jurisdiction, it would no longer be possible for the Court to award plaintiff's requested relief of specific performance in this case, because plaintiff alleges that defendant has already filed unfair labor practice charges before the NLRB. SAC ¶ 44. This Court lacks jurisdiction to (1) enjoin proceedings pending before the NLRB, Amerco v. NLRB, 458 F.3d 883, 884 (9th Cir. 2006), or (2) review NLRB decisions, Scott Corp v. NLRB, 683 F. Supp. 1312, 1315 (D. Nev. 1987) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938)). Specific performance is therefore unavailable as a remedy because an order from this Court requiring the parties to engage in arbitration regarding a matter already pending before, or decided by, the NLRB would be tantamount to enjoining a pending NLRB proceeding or reviewing a decision already issued by the NLRB.

### B.     Other Alleged Breaches of the Oral Agreement

Plaintiff alleges that defendant "breached its contractual obligations under the [oral agreement] by . . . failing and refusing to negotiate a collective bargaining agreement pursuant to the standards of bargaining defined by the [oral agreement] for the conduct of collective bargaining negotiations between the [p]arties arising out of organizing activity

---

[3] Since the Court finds that plaintiff has failed to state a claim for breach of the alleged collective bargaining agreement on these grounds, the Court need not address defendant's arguments that the SAC should be dismissed because (1) the factual allegations contained therein do not support the conclusion that plaintiff waived its right to file unfair labor practice charges before the NLRB, Mot. Dismiss 3-9; Reply Mot. Dismiss 1-8; or (2) the alleged agreement is not a collective bargaining agreement, and therefore not entitled to a presumption of arbitrability, Reply Mot. Dismiss 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                  **JS-6**

| Case No. | EDCV 13-1063 CAS (DTBx) | Date | November 18, 2013 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC. V. CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE | | |

on the part of [defendant]." SAC ¶ 54; see also id. ¶¶ 44, 62. The SAC is devoid of any factual allegations of breaches that are separate from the claimed agreement not to seek remedies for unfair labor practices. Accordingly, to the extent that plaintiff's claims are grounded in such other breaches of the alleged oral agreement, the Court finds that those claims should be dismissed. See Iqbal, 556 U.S. at 679.

### C.    Dismissal with Prejudice

Defendant argues that plaintiff should not be granted leave to amend the SAC because any potential amendments would be futile. Mot. Dismiss 10. Defendant argues that this action should therefore be dismissed with prejudice. Id. The Court finds this argument persuasive. The Court previously granted plaintiff leave to amend in its order dismissing the FAC. Dkt. #16. The SAC suffers from the same deficiency as the FAC, namely, that it lacks factual allegations supporting plaintiff's contention that the parties orally agreed to arbitrate all disputes instead of filing unfair labor practice charges before the NLRB.

Granting leave to amend would be futile because even if plaintiffs alleged facts supporting their contention that defendant waived its right to file unfair labor practice charges before the NLRB, that waiver would be unenforceable. See United Aircraft, 337 F.2d at 8. Accordingly, the Court will not grant plaintiff leave to amend, and will instead dismiss this action with prejudice. E.g., Foman v. Davis, 371 U.S. 178, 182 (1962) (citing "futility of amendment" as grounds for denying leave to amend a complaint).

### V.    CONCLUSION

Based on the foregoing, the Court hereby GRANTS defendant's motion to dismiss with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |